HERMAN A. GROSS, PROSECUTOR, v. NEW JERSEY STATE
BOARD OF OPTOMETRISTS, RESPONDENT.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Jerome C. Eisenberg*.

PER CURIAM.

This writ brings up an order made by the respondent board, revoking the certificate of the prosecutor as an optometrist, after charges and a hearing pursuant to the statute. *Pamph. L.* 1914, *p.* 448. The revocation is attacked as illegal, on the ground that the charge on which it was based was preferred by the secretary of the board, and that said secretary sat on the hearing and participated in the decision. It is claimed that he was disqualified from sitting, and that his participation vitiated the result.

To this we do not agree. The complaint was one in which the secretary had no personal interest, and was formally made by him *qua* secretary. The statute expressly provides that charges may be preferred by any person or corporation or the board may on its own motion, direct its secretary to prefer said charges, section 11. Counsel for the prosecutor brought out the fact that the secretary had brought the complaint as a result of conference with the members of the board, and on behalf of the board. The complaint was thus as much theirs as his, and in that aspect expressly countenanced by the act. Moreover, it was based on matter of public record, viz., conviction on an indictment for a criminal offense, as expressly contemplated in section 11. The secretary further testified in response to a question by prosecutor's counsel, that he had absolutely no personal interest in the matter. He was a member of the board as well as secretary. The act does not intimate that when he prefers charges he should not hear them; in fact, a certificate is revoked only by unanimous vote of the board sustaining the charges (section 13). We are clear that the secretary properly participated in the hearing.

The writ will be dismissed.