IN RE POLISH AMERICAN BUILDING AND LOAN ASSOCIATION OF PASSAIC, NEW JERSEY.

Submitted July 31, 1939—Decided November 1, 1939.

Before Justice Heher, at the Passaic Circuit, pursuant to *R. S.* 1937, 14:10-16.

For the petitioner, *Stanislaw A. Gutowski* (*Leo Rosenblum,* of counsel).

For the respondent association et al., *Patten & Amlicke* (*Fred G. Stickel, Jr.,* of counsel).

Heher, J. It is conceded that jurisdiction to review the challenged election is conferred by *R. S.* 1937, 14:10-16. See *In re United Towns Building and Loan Association,* 79 *N. J. L.* 31.

The claimed irregularities fall into three classes: Votes in sufficient number to change the result of the election were cast (1) by members holding "no more than one share in the association," in contravention of its constitution; (2) by trustees contrary to the provisions of the statute; and (3) "by those who became members" of the association "for the sole purpose of influencing the election through fraudulent and improper means."

*First:* The holders of but one share were not under the asserted disqualification. While the association's constitution (article III, section 1) provides that "Any person sixteen years of age or over, and any trustee, firm or corporation, as by law provided, may become a member" of the association "by subscribing for or by purchasing or otherwise lawfully acquiring two or more shares," those holding one share only had theretofore been accepted as members by the association, and had been accorded the full rights and privileges of such

contractual relationship; and the association and as well the members so situated are, on the plainest principles of justice, estopped from denying membership and the rights, liabilities and incidents thereof, especially the inherent voting power conferred by the statute. *Thomas Maddock Sons' Co.* v. *Biardot*, 81 *N. J. Eq.* 233; *Bache* v. *Central Leather Co.*, 78 *Id.* 484; *In re Newark Library Association*, 64 *N. J. L.* 265; *Loewenthal* v. *Rubber Reclaiming Co.*, 52 *N. J. Eq.* 440.

The statute regulating building and loan associations provides that "The members or shareholders of the association shall be those to whom its shares are issued, and their personal representatives, and those to whom the shares may be transferred under the regulations prescribed by the association * * *;" that "Each member over the age of sixteen years shall be entitled to all the rights and privileges of membership and shall be entitled to one vote at any meeting of the association * * *;" and that "Any such association may provide in its constitution that the right to vote at any meeting of the association shall be limited to those members whose membership in such association, as shown by the records of such association, shall have been acquired at least sixty days prior to such meeting and it may, in its constitution, prescribe the terms and conditions under which any member whose membership shall have been acquired within sixty days prior to such meeting shall be permitted to vote." *R. S.* 1937, 17:12-37, derived from *chapter 65 of the laws of 1925, as amended by chapter 90 of the laws of 1932, and chapter 59 of the laws of 1935.* None of the other provisions of the statute relating to membership and the status of shareholders (see sections 17:12-1, 17:12-2, 17:12-47, 17:12-48, 17:12-77) countenances the creation of a non-voting membership class. Only the minor shareholder not over the age of sixteen years is denied the voting right incident to shareholding; and this obviously for lack of the requisite judgment.

What in substance is contended for here is that it was within the province of the association to classify shareholders as respects the *quantum* of holdings, and to deprive the one class of the voting capacity which, at common law and under the statute, is an inseparable incident of share-ownership. If

this classification were permissible, then it would be within the authority of the association to place the minimum holdings at a figure that would concentrate the voting power in the hands of a few large shareholders; and this would clearly contravene the statutory policy. *In re United Towns Building and Loan Association, supra.* Under the statutory scheme, the voting rights thereby conferred are inherent in share-ownership, and are not the subject of contractual surrender. *Thomas Maddock Sons' Co.* v. *Biardot, supra; Bache* v. *Central Leather Co., supra.* See, also, *Taylor* v. *Griswold,* 14 *N. J. L.* 22.

*Second:* The association's constitution (article III, section 1) expressly invests a trustee-shareholder with voting competency. It provides that "A person of legal age may, as trustee, procure shares for a minor or for an adult, and may represent such minor or adult in all the rights of membership except that of holding office."

Here, the voting trustees held their shares for minors; and, as regards such, the last-cited provision of the constitution does not run counter to the policy of the statute. *Section* 17:12-37, *R. S.* 1937, provides that "Minors may hold shares in the association and any person or two or more persons jointly may hold shares as trustee or trustees for a minor;" that "In case of the death of any such trustee all rights shall vest in the survivor or survivors as trustees;" and that "Each member over the age of sixteen years shall be entitled to all the rights and privileges of membership and shall be entitled to one vote at any meeting of the association and may be represented and vote by proxy if the constitution so provides."

The argument is made that "the right to vote is expressly reserved to 'each member over the age of sixteen years,' and under no circumstances can the trustee be deemed to be the member." But it has no basis in the statute. The provision last-cited explicitly places the trustee-holder of a minor's share in the category of a "member" or "shareholder." While a minor-shareholder above the age of sixteen years is invested with voting capacity, the trustee-holder of shares for a minor has the status of a "shareholder," with the voting power that

is an incident of the legal title to shares in the undertaking. Otherwise, such shares would be devoid of voting rights. Who, in such circumstances, is the member if not the trustee? Under the statute, "member" and "shareholder" are interchangeable terms. *R. S.* 1937, 17:12-37. Plainly, the legislature did not design to deprive the trustee-shareholder of a voice in the management of the enterprise—a function that is ordinarily essential to the full performance of his fiduciary duty. And it is to be noted that, under article III, section 1, of the association's constitution, the trustee, whether the holder of shares for a minor or an adult, is required to be "a person of legal age."

It is the general rule that, in the absence of a statutory provision to the contrary or a prohibition in the association's constitution or by-laws not inconsistent with the statute, stock held in the name of a trustee may be voted by the trustee. *Sundheim Building and Loan Associations* (*3d Ed.*), § 91. The General Corporation act bestows voting power upon the holder of stock in a fiduciary capacity. *R. S.* 1937, 14:10-7. See, also, *In the Matter of the Election of St. Lawrence Steamboat Co.*, 44 *N. J. L.* 529, 540.

*Third:* During the third month preceding the election, twenty-six persons were admitted to membership in the association; and the contention is made that the "new investors were not interested in sound investment and business practices, but merely in packing the voting lists for the purpose of gaining a result * * * contrary to the wishes of the majority of *bona fide* shareholders," and that "all of the votes cast" by these newly-admitted members "should be declared to have been fraudulently and illegally cast."

It suffices to say as to this that the votes so cast were not sufficient in number to change the result of the election. The total vote received by the lowest of the five elected directors exceeded by fifty-four the vote polled for the highest unsuccessful candidate. And if the members admitted on the eve of the 1938 election also be deemed ineligible for the same reason, the result would not be different.

The rule to show cause is accordingly discharged, but without costs.