CHARLES PETRANTO, PROSECUTOR-APPELLANT, v. NEW JERSEY STATE BOARD OF BARBER EXAMINERS, RESPONDENT-APPELLEE.

Submitted May 31, 1940—Decided October 10, 1940.

For the prosecutor-appellant, *Robert Watkins*.

For the respondent-appellee, *David T. Wilentz*, attorney-general (*John F. Bruther*, assistant attorney-general, of counsel).

PORTER, J. The question before us on this appeal is the constitutionality of chapter 197 of the laws of 1938. It is entitled "An act to regulate the occupation of barbering, to provide for the licensing of persons to carry on such occupation and to create the State Board of Barber Examiners to provide rules regulating the proper conduct and sanitation of the occupation of barbering for the protection of the public health and to provide penalties for violation thereof." The thirteenth section provides that no one shall teach barbering without first obtaining a certificate from the State Board of Barber Examiners and that schools where barbering is taught shall be licensed under requirements as to qualifications of owners, the registration of teachers, number of students and the giving of security by the owners conditioned upon the compliance with the statute.

The appellant was admittedly conducting a school where barbering was taught in which he had four students and for which he had not procured a certificate nor license from the State Board of Barber Examiners as provided by section 13 of the statute. He was convicted of violating the act which conviction was reviewed by Mr. Justice Bodine on a writ of *certiorari* and who dismissed the writ thus affirming the conviction. From that action comes this appeal.

The appellant attacks the action on four grounds. *First:* That the act does not conform to the constitutional requirement, article IV, section 7, *placitum* 4, that every law shall embrace but one object and that shall be expressed in its title. It is argued that the purpose as expressed in the title is "to regulate the occupation of barbering" and that such title does not include the regulation of barber schools. We think the title to the act shows its object comprehensively enough to include in "the regulation and occupation of barbering"

the teaching of the art and the regulation of the schools for that purpose. The title to an act is a label by which the object is displayed and is not a table of contents or an index to everything that the statute enacts. *Golluso* v. *Baker,* 80 *N. J. L.* 520.

*Second:* It is argued that section 13 of the act arbitrarily invades the personal right and liberty of persons to engage in lawful enterprises as guaranteed by the Fourteenth Amendment to the Federal Constitution and by article I, section 1 of the State Constitution because it is unreasonable and arbitrary to preclude a person owning a school who is not qualified to teach therein. We do not find that the statute does in fact require the owner of a school to be one qualified to teach. This section vests discretionary power in the board to issue certificates to any person, firm or corporation to operate barber schools but permits any person as a matter of right to do so "who has had at least five years of continuous experience as a barber" under certain conditions. Barbering is a public service which has to do with the health of the public. It is not arbitrary or unreasonable to regulate the conditions under which it shall be conducted or taught. This section permits those with reasonable experience to teach barbering but as to others it is discretionary with the board whether they may do so or not. We think that it is not invalid in this respect. *Cf. Levine* v. *State Board, &c., of Dentistry,* 118 *N. J. L.* 384, and *Semler* v. *Oregon State Board of Dental Examiners,* 294 *U. S.* 608.

*Third:* It is argued that section 13 impairs the constitutional rights granted by the equal protection clause of the Fourteenth Amendment of the Federal Constitution because it requires the furnishing to the state of a bond in the sum of $500 conditioned upon the faithful compliance of said barber school with the provisions of the statute whereas no such requirements are made of the barber shops throughout the state where services are rendered similar to those of the barber schools. We think there is no unlawful discrimination here. A barber school as set up by the act is given certain privileges and rights which are not enjoyed by the ordinary barber even though there may be some similarity in the work done by each.

*Fourth:* It is argued that the license fee of $250 to operate a barber school is unreasonable and an unwarranted exercise of police power because the act is not for the purpose of raising revenue. The amount of the license fee must of course be reasonable and sufficient only to provide the necessary money for the administration of the act. In the absence of proof to the contrary we must assume that this sum is a reasonable sum for the purpose intended. The record is barren of any proof of the cost of the inspection and supervision of the schools, the number licensed or of any data respecting the cost of administrating this law. In the absence of facts which establish that this fee is an unreasonable and unwarranted exercise of the police power there is a presumption that the fee is reasonable. 37 *C. J.* 194, § 45.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, HAGUE, JJ. 8.

*For reversal*—PARKER, CASE, DONGES, HEHER, RAFFERTY, JJ. 5.