MAURICE G. HINNEKENS, PETITIONER, v. ARTHUR W. MAGEE, COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted May 6, 1947—Decided June 10, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the petitioner, *Peer & Mahr.*

For the defendant, *Walter D. Van Riper* and *John J. Kitchin.*

The opinion of the court was delivered by

BODINE, J.   Petitioner seeks a peremptory or alternative writ of *mandamus* directing the Commissioner of Motor Vehicles to issue a license enabling the petitioner to operate a motor vehicle in this state, or in the alternative a writ of *certiorari* to review the action of the Commissioner in failing to issue a driver's license to the petitioner.

The allowance of a peremptory writ of *mandamus* rests in judicial discretion and it is awarded only in cases when the act to be done is ministerial and the duty clear.   *Conslam* v. *Darby,* 95 *N. J. L.* 318.

Treating the application as one for *certiorari,* the facts are not in dispute.   Petitioner on December 5th, 1931, was convicted in New York State of operating a motor vehicle while under the influence of intoxicating liquor.   This fact being brought to the attention of the Commissioner of Motor Ve-

hicles, petitioner's license to drive a car in this state was revoked for a period of two years. On March 2d, 1943, he was convicted again for operating a motor vehicle in Paterson while under the influence of intoxicating liquor. Thereafter, he was notified that by reason of his second conviction his name had been placed upon the list of those persons who would thereafter be prohibited from obtaining a license to drive a motor vehicle.

*R. S.* 39:4–50 provides that a person convicted of operating a motor vehicle while under the influence of intoxicating liquor for the second time shall forfeit his right to thereafter operate a motor vehicle over the highways of this state.

The argument made in petitioner's behalf is that the statute does not apply in this case since he was not convicted for the second time in this state, and that the Commissioner of Motor Vehicles should not impose the penalty of prohibiting him from operating a car where the first conviction was not in this state and the second conviction was in this state.

We do not think that the Commissioner of Motor Vehicles is so limited in the issuance of a license to operate a motor vehicle.

The statute, *R. S.* 39:3–10 provides: "The commissioner in his discretion may refuse to grant a license to drive motor vehicles to a person who is, in his estimation, not a proper person to be granted such a license."

There is a finding in this case by the Commissioner that, in his estimation, the petitioner is not a proper person to be granted a license to drive an automobile. This determination does not strike us as unreasonable so as to justify setting the determination aside. It seems to us in all respects reasonable and proper that the license should not be granted. Certainly, it is not an act for which this court can reverse an administrative officer for having failed to do.

The writ of *certiorari* will be denied. The rule will be dismissed, with costs.