THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. MARIE BAUER, DEFENDANT.

THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. JOHN MULLER, DEFENDANT.

THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. ANTHONY SANTANELLO AND WALTER KAUGER, DEFENDANTS.

Submitted January 20, 1948—Decided June 24, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the prosecutor, *Dominick Rinaldi* (*Albert J. Shea,* of counsel).

For the defendants, *Anthony P. LaPorta.*

The opinion of the court was delivered by

BURLING, J.   These are three proceedings by the City of Hoboken by writ of *certiorari* to review judgments of the Recorder's Court of the City of Hoboken dismissing complaints for violation of a city ordinance. Since the law and facts are the same in all three cases they were consolidated for argument in this court and will be considered together.

An ordinance of the City of Hoboken, adopted July 23d, 1940, provides for the regulation and control of the use of vending appliances, electric and automatic musical instruments and the like. It provides that such machines shall not be installed, maintained, or operated without a license and designates the city clerk as the individual to whom application for such license shall be made. Section 1 of the ordinance states that it must be had and obtained from the Board of Commissioners of the City of Hoboken. Section 3 of the ordinance then provides as follows:

"Section 3: Such application when received by the City Clerk shall be forthwith turned over by him to the Supervisor of Licenses who shall investigate the truth of the particulars set forth in said application and said Supervisor shall, after investigation made by him with respect thereto, endorse upon such application his recommendation for the granting or rejection of said application. If said Supervisor shall recommend the rejection of the application, he shall set forth upon such application the reasons upon which he bases his recommendation for the rejection thereof. After the return of such application to the City Clerk with recommendation endorsed thereon by said Supervisor, the City Clerk shall submit such application to the Board of Commissioners of the City of Hoboken at its next regular meeting after receipt thereof by the City Clerk from the Supervisor of Licenses."

The three defendants admitted they had maintained such machines and have not obtained licenses therefore. Sworn complaints were made on September 8th, 1947, against them by Arthur Maritta, a lieutenant of police of the City of Hoboken and thereafter all three defendants filed written demurrers. The Recorder of the City of Hoboken sustained the demurrers and ordered the defendants discharged from custody. The City of Hoboken prosecuted writs of *certiorari* to this court.

The determinative issue in this case is whether the ordinance is in conflict with the Fourteenth Amendment to the Constitution of the United States and article I, paragraph 1 of the New Jersey Constitution of 1844. It will be observed that the ordinance sets up no norm or standard for the supervisor of licenses although paragraph 3 clearly contemplates that some applications may be rejected. We think that the lack of such norm is clearly violative of both the federal and state constitutions. *Phillips* v. *East Paterson (Supreme Court,* 1946), 134 *N. J. L.* 161; *affirmed (Court of Errors and Appeals,* 1946), 135 *Id.* 203; *Phillips* v. *Belleville (Supreme Court,* 1947), 135 *Id.* 271; *Keavey* v. *Randall (Supreme Court,* 1923), 1 *N. J. Mis. R.* 311; *Yick Wo* v. *Hopkins,* 118 *U. S.* 356; 6 *S. Ct.* 1064; 30 *L. Ed.* 220 (1886).

The judgment is affirmed.