17 N.J. Super. 488 (1952)
86 A.2d 442
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WHEELER AUTO DRIVING SCHOOL, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 1952.
Decided January 31, 1952.
*490 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. William Gelfond argued the cause for the appellant (Mr. James J. Bannon, Jr., attorney).
Mr. John J. Kitchen, Deputy Attorney-General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The defendant Wheeler Auto Driving School, Inc., appeals from the action of the Director of the Division of Motor Vehicles, denying its application for a license to conduct a commercial driving school.
In July, 1951, the defendant corporation filed an application under chapter 216 of the Laws of 1951 (R.S. 39:12-1 et seq.) for a license to conduct a drivers' school and hearing thereon was held before the Division of Motor Vehicles. The application was signed by Harold W. Wheeler as president and contained a statement that no officer of the applicant *491 corporation had ever been convicted of a crime. This statement was false since Mr. Wheeler had been convicted on three occasions, including a conviction in 1930 for petit larceny and two convictions in 1937 for the issuance of worthless or fraudulent checks. The Director denied the application because the president of the applicant corporation had been convicted of a crime and the application contained a materially false statement. See R.S. 39:12-3. The defendant, in support of its appeal from this action, contends that chapter 216 is unconstitutional and that the Director abused his discretion in refusing to issue the license.
Prior to the enactment of chapter 216 drivers' schools had been conducted within the State without regulation and had been accompanied by fairly well known abusive practices. In the language of the respondent,
"these practices took the form of promising to secure New Jersey drivers' licenses for persons who were obviously, either by physical or mental defects, incapable of complying with the regulations; insinuations that New Jersey drivers' licenses could be secured only after instruction in one or the other of the then existing schools; and the practice of continuing to give and charge for driving instructions which were not necessary to the person being instructed."
It has been suggested that there were additional abuses which on occasion resulted in the issuance of licenses to wholly unqualified drivers. In 1932 the State of New York dealt with the problem by enacting a law requiring that drivers' schools be licensed and in 1949 its law was strengthened by conferring greater authority upon the Commissioner of Motor Vehicles and imposing higher standards upon operators of drivers' schools. See L. 1949, c. 649, Vol. 62-A McKinney's Consol. Laws N.Y., c. 71, Vehicle and Traffic Law, § 7. Governor Dewey's memorandum accompanying his approval of this enactment said:
"The need for this legislation has arisen from present public necessity. Only recently there was an extensive investigation conducted by the State Attorney General and the Commissioner of Motor Vehicles into the operation of drivers' schools which exposed *492 improper practices in connection with the obtaining of licenses for new drivers. This bill will help prevent a recurrence of the conditions exposed in that investigation."
In 1951 the New Jersey Legislature enacted chapter 216 which was, in part, modeled upon the New York statute and requires that drivers' schools and their instructors be licensed. Paragraph 3 thereof provides generally that the Director of Motor Vehicles may deny an application for license if, in his discretion, he determines that the applicant (a) has made a material false statement, (b) held an earlier license which was suspended or revoked, (c) has been or has an officer who has been convicted of a crime, (d) has failed to furnish satisfactory evidence of good character, reputation and fitness, (e) does not have a place of business as required by the act, (f) is not the true owner of the drivers' school, or (g) did not furnish the required liability insurance policy. Paragraph 4 provides that the Director may make such rules as he deems reasonable for the conduct of drivers' schools, and formal rules have been promulgated pursuant thereto. However, the denial of the appellant's application was not rested upon any rule violation. It was based upon the admitted circumstances that an officer of the corporate applicant had been convicted of crime and its application had falsely asserted the contrary; under the terms of paragraph 3 these circumstances furnished direct authority for the Director's exercise of discretion in denying the application. See McBride v. Clark, 2 N.J. Misc. 814, 816 (Sup. Ct. 1924), affirmed 101 N.J.L. 213, 223 (E. & A. 1925); Gross v. N.J. State Board of Optometrists, 11 N.J. Misc. 485, 486 (Sup. Ct. 1933). We find nothing substantial in the record before us to support the defendant's contention that in denying its application within the authority of paragraph 3 the Director "abused his discretion." Cf. Schuttler v. Reinhardt, 17 N.J. Super. 480 (App. Div. 1952). See McBride v. Clark, supra; Gross v. N.J. State Board of Optometrists, supra.
*493 The defendant contends that its business is not a monopoly or affected with a public interest and that the State's requirement that it be licensed is an unreasonable exercise of its police power. It is settled that the State may license and regulate a business when necessary for the protection of the public health, morals, comfort, order, safety or welfare. State Board of Milk Control v. Newark Milk Co., 118 N.J. Eq. 504, 519 (E. & A. 1935); McBride v. Clark, supra. The fact that the business is not a monopoly is not significant and the traditional requirement that it be one "affected with a public interest" has been held to mean no more than that the business "for adequate reason is subject to control for the public good." Olsen v. Nebraska, 313 U.S. 236, 85 L.Ed. 1305 (1941); Nebbia v. New York, 291 U.S. 502, 78 L.Ed. 940 (1934); State Board of Milk Control v. Newark Milk Co., supra; Lane Distributors, Inc., v. Tilton, 7 N.J. 349, 365 (1951). See Powell, Administrative Exercise of the Police Power, 24 Harv. L. Rev. 268, 270 (1911).
We are satisfied that within the foregoing principles the State had ample authority under its police power to regulate drivers' schools. The described abuses which had accompanied the conduct of such schools affected the members of the public generally and in the interests of their safety and welfare the Legislature properly imposed licensing requirements. Cf. Pacific States Box & Basket Co. v. White, 296 U.S. 176, 185, 80 L.Ed. 138, 146 (1935); Abelson's, Inc., v. N.J. State Board of Optometrists, 5 N.J. 412, 420 (1950). It may be noted that the constitutional validity of the New York act regulating such schools has never been questioned (Fochi v. Splain, 36 N.Y.S.2d 774 (Sup. Ct. 1942); Cohen v. Splain, 42 N.Y.S.2d 498 (Sup. Ct. 1942), affirmed 291 N.Y. 558, 50 N.E.2d 658 (1943)) and that the earlier United States Supreme Court decisions relied on by the defendant (Tyson & Bro. v. Banton, 273 U.S. 418, 71 L.Ed. 718 (1927); Ribnik v. McBride, 277 U.S. 350, *494 72 L.Ed. 913 (1928)) no longer represent the views or philosophy of that court. See Olsen v. Nebraska, supra.
The defendant's next contention is that L. 1951, c. 216 is "unreasonable and discriminatory" in that it provides that while the Director "may" deny a license to the operator of a drivers' school who has been convicted of a crime, he "shall" deny a license to any instructor therein who has been convicted of a crime. The present case involves the denial of an application by the defendant corporation to conduct a drivers' school and is not concerned with any application by an instructor therein; the defendant is in no wise harmed by the more stringent requirement applicable to instructors and is in no position to assert its invalidity. Cf. Como Farms v. Foran, 6 N.J. Super. 306, 317 (App. Div. 1950). Furthermore, it is settled that the Legislature may reasonably exercise its judgment in classifying different subjects of statutory regulations. State v. Garford Trucking, Inc., 4 N.J. 346, 355 (1950). Within this doctrine it might properly determine that the public interest requires that those who actually instruct drivers shall be subjected to higher standards of personal character than their employers who do not actually participate in driving lessons on the public highways.
We consider that the defendant's remaining points which attack the Legislature's clear authority to curb the power of persons convicted of crime from engaging in a privileged business requiring license are without merit (Gross v. N.J. State Board of Optometrists, supra; Kravis v. Hock, 136 N.J.L. 161, 163 (E. & A. 1947)) and do not warrant discussion except insofar as they relate to the question of whether L. 1951, c. 216 embodies a sufficient standard to control the Director in the exercise of the power delegated to him by the Legislature. See Como Farms v. Foran, supra; N.J. Bell Tel. Co. v. Communications Workers of America, 5 N.J. 354 (1950). It is acknowledged that we are concerned solely with the quasi-judicial (Penna. R.R. Co. v. N.J. State Aviation Com., 2 N.J. 64, 68 (1949); Central Home Trust *495 Co. v. Gough, 5 N.J. Super. 295, 299 (App. Div. 1949)) function of the Director to exercise his discretion as to whether an application to conduct a drivers' school should be granted or denied. See Glasser, Administrative Law, 6 Rutgers L. Rev. 43 (1951). But here, as well as when dealing with a quasi-legislative function, there must not be an unbridled grant of power which would permit its exercise without any statutory guide. Cf. Hoboken v. Bauer, 137 N.J.L. 327, 329 (Sup. Ct. 1948); N.J. Bell Tel. Co. v. Communications Workers of America, supra. See Davis, Administrative Law, p. 64 (1951); Jaffe, Delegation of Legislative Power, 47 Col. L. Rev. 561, 590 (1941).
We find that paragraph 3 of L. 1951, c. 216 contains an adequate standard to control the Director in the exercise of his licensing function. Petranto v. Board of Barber Examiners, 125 N.J.L. 391, 393 (E. & A. 1940); McBride v. Clark, supra. The statute is designed to eliminate the pre-existing abuses and to permit the exclusion of persons who, in view of the nature of the business, may reasonably be deemed not fit or responsible. See Douglas v. Noble, 261 U.S. 165, 67 L.Ed. 590 (1923). While it vests the Director with discretionary authority to reject an application, that discretion must be exercised after hearing (R.S. 39:12-10) and reasonably in the light of the statutory objective and on the basis of one or more of seven grounds appropriately specified by the Legislature, and his action is subject to judicial review within the term of Rule 3:81-8. Under these circumstances it may not successfully be urged that the Director has been vested with arbitrary power or has not been furnished with a sufficient standard to guide him. Cf. Librizzi v. Plunkett, 126 N.J.L. 17, 23 (1940); Douglas v. Noble, supra. In rejecting the defendant's application the Director reasonably exercised his discretion in the presence of two of the grounds specified by the Legislature.
The action of the Director is affirmed.