39 N.J. Super. 208 (1956)
120 A.2d 776
METROPOLITAN MOTORS, A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT,
v.
STATE OF NEW JERSEY, DIVISION OF MOTOR VEHICLES AND FREDERICK J. GASSERT, JR., DIRECTOR, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1956.
Decided February 17, 1956.
*209 Before Judges CLAPP, JAYNE and FRANCIS.
*210 Mr. Charles A. Stanziale argued the cause for the appellant (Mr. David M. Beckerman, on the brief).
Mr. John F. Crane, Deputy Attorney-General, argued the cause for the respondents (Mr. Grover C. Richman, Jr., Attorney-General).
The opinion of the court was delivered by FRANCIS, J.A.D.
This appeal was instituted under R.R. 4:88-8 to review the refusal of the Director of Motor Vehicles to grant the appellant a motor vehicle dealer's license.
On June 14, 1955 appellant Metropolitan Motors, a New Jersey corporation, filed an application for such a license with the Division of Motor Vehicles under N.J.S.A. 39:10-19. The required fee was tendered and it is not suggested that the papers were not in proper form.
The statute provides:
"No person shall engage in the business of buying, selling or dealing in motor vehicles in this state, unless he is authorized to do so under the provisions of this chapter. The commissioner may, upon application in such form as he prescribes, license any proper person as such dealer. No person who has been convicted of a crime, arising out of fraud or misrepresentation in the sale or financing of a motor vehicle, shall be eligible to receive a license * * *." (Emphasis supplied)
Appellant's application lists Mary Milkowski as president and Joseph Ruoto, Sr., as secretary-treasurer of the corporation. The following question contained therein:
"7a. Do you knowingly intend to employ a person who has been convicted of crime arising out of fraud or misrepresentation in the sale or financing of a motor vehicle, or of any other crime, or who previously licensed as a dealer in this State was subject to action that resulted in revocation of the license?"
was answered in the negative. Also included in the completed form is an agreement that "any misrepresentation herein shall be sufficient cause for rejection * * *."
*211 On July 1 the Director notified appellant that the license was being denied "at this time,"
"* * * because of an investigation now being conducted in Essex County on a certain individual who is the brother of Mary Milkowski  President of the firm, and son of Joseph Ruoto, Sr.  who is Secretary-Treasurer of the firm * * *."
When this appeal was taken, the Director applied for and was granted leave to add an appendix to his brief in the form of affidavits setting forth the basis for refusing to issue the license.
According to the affidavits, an investigation revealed that the premises where the applicant's business is to be conducted had been the place of operation of Joseph Ruoto, Jr., brother of appellant's president and son of its secretary-treasurer. The records of the Division showed that Joseph Ruoto had held a motor vehicle dealer's license which was revoked on or about June 21, 1955. The revocation occurred when he failed to appear at a hearing to answer charges of violating N.J.S.A. 39:10-12 (making false application for duplicate certificate of vehicle ownership) and subsections (a), (b), (c) and (e) of N.J.S.A. 39:10-24.
It is further asserted therein that subsequently Ruoto was indicted by the Essex County grand jury for larceny of motor vehicles, alteration of motor vehicle serial numbers, false statements to the Director of Motor Vehicles, and conspiracy. These charges are awaiting trial.
Finally, the Director claims and furnishes additional corroboratory proof with respect thereto that Ruoto's sister and father are mere figureheads in Metropolitan Motors and that he is and would be the real operator of the business.
Answering these assertions, appellant says they are being projected now for the first time, that no hearing was accorded on them by the Director, and for this court to sustain the action would be to approve a denial of due process.
The Director has informed us in his brief that it is the practice of his Division to grant a hearing in cases where licenses are denied, if one is requested. And he points out *212 that none was asked for after Metropolitan's application was rejected. Substantial significance cannot be attached to such failure because, so far as the record shows, there is no written or recorded rule in existence designed to give notice of or call to the attention of interested members of the public that a hearing may be had, if demanded. Cf. Mazza v. Cavicchia, 15 N.J. 498, 510, 511 (1954). Publication of such administrative rules is one of the advantageous requirements of an administrative procedure act. Cf. Administrative Procedure Act § 3, 60 Stat. 238 (1946), 5 U.S.C.A. § 1002 (1950).
In any event, the Director contends that due process does not demand a hearing at the administrative level on an application for a license. His view is that constitutional requirements are satisfied so long as provision is made for adequate judicial review, as is the case under R.R. 4:88-8.
Ordinarily an opportunity to be heard is a norm of due process. Handlon v. Town of Belleville, 4 N.J. 99, 107 (1950). But in considering the action of an administrative agency  such as a licensing authority  this organic law mandate is satisfied when the applicant "has the opportunity to learn and test out the basis of the action upon judicial review." Adams Theatre Co. v. Keenan, 12 N.J. 267, 278 (1953); Garford Trucking, Inc., v. Hoffman, 114 N.J.L. 522, 534 (Sup. Ct. 1935); Hall v. Geiger-Jones Co., 242 U.S. 539, 37 S.Ct. 217, 61 L.Ed. 480 (1917); Davis, Administrative Law § 75 (1951); Parker, Administrative Law 51 (1952).
It is true that a right of appeal is conferred in the present situation under the rule adverted to. And, of course, we have the authority to review the evidence independently. R.R. 1:5-4(b); R.R. 2:5. But the difficulty is that the record gives us the facts in ex parte form. Appellant has never been confronted with them or allowed an opportunity to meet them or to cross-examine with respect to them.
Under the statute, the Director has the duty of deciding whether an applicant for a dealer's license is a "proper" person, and the courts will not interfere with his determination *213 unless it stems from arbitrary or capricious action. State v. Wheeler Auto Driving School, Inc., 17 N.J. Super. 488 (App. Div. 1952); Tichenor v. Magee, 4 N.J. Super. 467 (App. Div. 1949); Hinnekens v. Magee, 135 N.J.L. 537 (Sup. Ct. 1947). Here the contention seems to be that Metropolitan Motors does not qualify as a proper person because (1) it is simply a front for Joseph Ruoto who is not such a person, or (2) it knowingly intends to employ Ruoto who previously held such a license and lost it by revocation, and (3) it misrepresented the latter fact in the application.
There is no doubt that the corporate form may be looked through to ascertain if it is simply a facade for a person who would not be deemed qualified. Cf. Florence Methodist Church v. Township Committee of Township of Florence, 38 N.J. Super. 85, 89 (App. Div. 1955); Garford Trucking, Inc., v. Hoffman, supra.
No question has been raised as to whether the delegation of authority to the Director to determine who is a "proper" person is controlled by adequate standards. Cf. Ward v. Scott, 11 N.J. 117, 122 (1952); Abelson's, Inc., v. New Jersey State Board of Optometrists, 5 N.J. 412 (1950); State v. Wheeler Auto Driving School, Inc., 17 N.J. Super. 488 (App. Div. 1952); Family Finance Corp. v. Gough, 10 N.J. Super. 13 (App. Div. 1950); N.J.S.A. 39:10-24.
Although these guiding principles are plain, we cannot apply them because of the state of the proceedings. At least they cannot be applied so as to permit the fair review which, in our judgment, the circumstances require.
The difficulty can be remedied, however, without interference with the Director's administrative modus operandi. We conceive it to be feasible under R.R. 4:88-9 to remand the record for the taking by him, on notice, of testimony on the subjects covered by the affidavits and on any other matters which are relevant and material to the issue before us. On such a remand, further factual findings may be made if deemed necessary as the result of the augmented proofs.
*214 An order to effectuate a remand for the purposes indicated may be presented. The appeal will be retained until the additional matter is returned to us.
In passing, we speculate as to whether, in cases like the present, under ordinary circumstances it would not be more practical and efficacious to grant the applicant a hearing on notice before denying the license. In this way a record may be created which will avoid the procedural difficulty which must be overcome in order to satisfy the need for fair and adequate judicial review. Cf. N.J.S.A. 39:10-20. However, being unaware of the administrative problems of the Director, any intention to intrude upon the field of administration intrusted to him, is expressly disavowed.