50 N.J. Super. 427 (1958)
142 A.2d 640
GEROLD KANENGISER, ET AL., PLAINTIFFS-APPELLANTS,
v.
THE FIRST SAVINGS AND LOAN ASSOCIATION OF JERSEY CITY, N.J., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1958.
Decided June 9, 1958.
*428 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Samuel Milberg argued the cause for appellants (Messrs. Milberg & Milberg, attorneys; Mr. Henry Milberg, on the brief).
Mr. Joseph Keane argued the cause for respondents (Messrs. Milton, McNulty & Augelli, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiffs appeal from a judgment of the Superior Court, Law Division, dismissing their complaint on defendant's motion for lack of jurisdiction over the subject matter.
Defendant, The First Savings and Loan Association of Jersey City, N.J., was formed in October 1943 under the then savings and loan statute of this State (L. 1903, c. 218; *429 R.S. 17:12-1 et seq., as amended and supplemented), and is presently subject to the Savings and Loan Act of 1946 (L. 1946, c. 56, as amended). Plaintiffs, who were unsuccessful candidates for positions as directors of the association, instituted the present action on February 27, 1958, pursuant to N.J.S.A. 14:10-16, by verified complaint and order to show cause in the Law Division, R.R. 4:85, demanding judgment declaring illegal the actions of the association, its officers, executive committee and board of directors in using association facilities and funds to employ professional proxy solicitors to obtain proxies for the management slate of candidates for the four directorships voted upon at the election held at the annual meeting on February 20, 1958; declaring void the proxies so obtained; enjoining the association from continuing the annual meeting, which had been adjourned to March 6, 1958 to permit the counting of the proxy ballots; and restraining defendants from using association facilities and funds to procure any future proxies. It is unnecessary for the purposes of the present appeal to set out all the details of plaintiffs' complaints.
Upon the filing of the complaint the Law Division issued an order to show cause restraining defendants from conducting the adjourned annual meeting until further order of the court. The order further directed defendants to show cause on March 5, 1958 why the restraint should not be continued pending determination of the issues involved, the challenged proxies declared void, and the relief requested in the complaint granted. On the return day defendants filed affidavits in opposition to the order to show cause, and the court thereupon vacated the temporary restraint granted on plaintiffs' ex parte application. Thereafter, defendants filed their answer denying the allegations of impropriety or illegality directed toward their efforts to secure the election of their slate of candidates, and asserting that their nominees had been duly elected. By way of separate defense they claimed that (1) they acted properly and lawfully in employing professional proxy solicitors and in charging the costs to the association; (2) the expenses so incurred were *430 fair and reasonable; (3) the complaint fails to state a cause of action; and finally, (4) the complaint should not be entertained by the court because the Commissioner of Banking and Insurance had exclusive jurisdiction to hear the matter. By way of counterclaim defendants demanded judgment ordering plaintiffs to return a list of the association membership allegedly wrongfully acquired by plaintiffs and converted to their own use.
Shortly thereafter defendants moved for dismissal of the complaint on the ground asserted in the fourth defense  that the Superior Court lacked jurisdiction over the matter, jurisdiction being vested exclusively in the Commissioner of Banking and Insurance. Following oral argument the court entered its order dismissing the complaint as well as the counterclaim, citing DeFazio v. Haven Savings and Loan Ass'n., 22 N.J. 511 (1956), as controlling.
Only plaintiffs appeal, asserting that the Law Division did not lack jurisdiction and that this court should, in any event, assume original jurisdiction and dispose of the matter in the interests of justice. Defendants maintain that the trial court properly held that the Savings and Loan Act of 1946, as amended, vests exclusive jurisdiction in the Commissioner of Banking and Insurance, under the "broad language" of the court in the DeFazio case.
The Savings and Loan Act of 1946, N.J.S.A. 17:12A-1 et seq., represented the first complete revision of the law governing such associations since the act of 1903, which had several times been amended and supplemented and twice partially revised. The 1946 statute, as defendants point out, is a comprehensive regulatory enactment covering all savings and loan associations. It created "an all-embracive system for the government of a quasi-public agency, placing it under the control, supervision and protection of a state official [the Commissioner of Banking and Insurance], giving him power and imposing upon him a duty as to every item of action performed in its transactions of business, even to terminating its existence, * * *." DeFazio v. Haven Savings and Loan Association, above, 22 N.J. at page 519.
*431 A complete reading of the act bears out the DeFazio characterization in large part. The formation, fiscal operations, investments, reorganization, dissolution and other administrative aspects of savings and loan associations are strictly regulated and subject to control by the Commissioner. But the legislation does not contain any provision which grants to this state official any general authority to adjudicate all controversies involving associations. Instead, throughout the act, there appear many separate and distinct provisions requiring approval and review of certain specific association actions. See, for example, N.J.S.A. 17:12A-15 to 18 (hearing and approval by Commissioner of certificate of incorporation and original by-laws); N.J.S.A. 17:12A-23 (same, change in by-laws); N.J.S.A. 17:12A-24 (same, change of office location); N.J.S.A. 17:12A-65 (empowering Commissioner to establish uniform rules and regulations for the operation of reward profit plans); N.J.S.A. 17:12A-100 (review by Commissioner of association's failure to provide information requested by a member). Under Article XII (N.J.S.A. 17:12A-92 to 100), entitled "Supervision," the Commissioner is authorized to issue orders to associations to discontinue "illegal or unsafe practices"; N.J.S.A. 17:12A-94 authorizes him to revoke the association's authority to transact business, on a number of grounds therein set forth; and N.J.S.A. 17:12A-95 to 97 provides for conservation orders and possession and operation of associations by the Commissioner. The powers granted under Article XII involve only those corporate actions which relate to mismanagement and are presumably directed to practices deemed detrimental to the safety of members' investments. In short, in every case where administrative action is provided for in the act, it is given in the specific context involved.
Contrast N.J.S.A. 17:12A-29, dealing with the election of directors; N.J.S.A. 17:12A-31, election of officers; and N.J.S.A. 17:12A-53 to 58, meetings of the association, including annual meetings. They contain no reference to or provision for review of election results, or related action by the Commissioner. Indeed, there is not even a provision *432 as to court review. Cf. N.J.S.A. 17:12A-97(10) and 99. The substantive provisions of the Savings and Loan Act of 1946, as amended, relative to the conduct of meetings and elections are sketchy as contrasted with the comparable provisions governing banks generally, L. 1948, c. 67, as amended; N.J.S.A. 17:9A-79 et seq. It is significant that in the Banking Act of 1948, as amended, which likewise gives the Commissioner of Banking and Insurance broad supervisory powers and requires his approval in a variety of situations, the statute expressly provides that elections are to be contested in the Superior Court, and there is no interposition of the Commissioner. N.J.S.A. 17:9A-95.
It thus appears that the Savings and Loan Act of 1946, as amended, while it encompasses administrative supervision and controversy adjudication of many aspects of a savings and loan association's functions, does not purport to vest any jurisdiction in the Commissioner to review contested elections.
Defendants fail to point to any section of the Savings and Loan Act under which plaintiffs could pursue their remedy. Nor do they indicate what procedure might be followed by the plaintiffs in seeking relief through the Commissioner of Banking and Insurance.
Our own examination of the act, as just indicated, reveals no authority, either express or implied, in the Commissioner to act in the circumstances here present, nor, of course, any section outlining the procedure in such cases.
It may be argued that the alleged illegal expenditure of association funds by management in connection with an election is encompassed within the powers given the Commissioner under N.J.S.A. 17:12A-93 (Commissioner, upon determining that an association is conducting its business in an "unsafe or unauthorized manner," may order it to discontinue such practice), and N.J.S.A. 17:12A-96 (Commissioner may institute a Superior Court action to restrain an association "from paying excessive expenses of management"). We do not regard either of these provisions as constituting a jurisdictional basis for the Commissioner to *433 set aside an election of directors as illegal because attended by the use of management funds to secure proxies in support of its slate.
In light of the statute's complete silence in the area of the present controversy, we must conclude that manifestly it was the intent that such an election controversy be determined in the same manner as it was before 1946  by the courts  under the generally applicable provision of the Corporation Act, N.J.S.A. 14:10-16, which reads:
"The Superior Court in an action, in which the court may proceed in a summary manner or otherwise, brought by any person who may complain of any election, or any proceeding, act or matter in or touching the same, may establish the election so complained of, or order a new election, or make such order, and give such relief in the premises as justice may require."
In re United Towns Building & Loan Ass'n., 79 N.J.L. 31 (Sup. Ct. 1909), where the rationale of the court's jurisdiction under the statute in building and loan association cases is spelled out by Justice Swayze; In re Polish American Building & Loan Ass'n., 123 N.J.L. 396 (Sup. Ct. 1939), citing the United Towns case with approval; cf. Lazarus v. Home Bldg. & Loan Ass'n., 133 N.J. Eq. 367 (E. & A. 1942).
DeFazio v. Haven Savings and Loan Ass'n., above, 22 N.J. 511 (1956), is not controlling. In that case plaintiff sought inspection of the membership list of defendant association for proxy purposes. When the association denied the request plaintiff appealed to the Commissioner of Banking and Insurance pursuant to N.J.S.A. 17:12A-100. He denied the application because, in his opinion, the word "information" in N.J.S.A. 17:12A-100 could not be construed to encompass his right to order an association to furnish a member with a list of the names and addresses of other members. Plaintiff thereupon filed a complaint in lieu of prerogative writ of mandamus in the Law Division, seeking relief under the common law and protection of the res by preventing the holding of a meeting until the issue was determined. The *434 Law Division granted respondent's motion for judgment in its favor, finding as a matter of law that it had no jurisdiction to hear and determine the matter, but that original jurisdiction was exclusively in the Commissioner under N.J.S.A. 17:12A-100.
On appeal to the Supreme Court, the court noted that plaintiff had made it perfectly clear that he sought his relief in the Law Division under his common law rights and the trial court should therefore have considered the merits of his cause. After commenting on plaintiff's effort to switch jurisdictions, from the Commissioner to the Law Division, the Supreme Court stated that the single question posed was "whether or not he can succeed in so doing under the common law or whether our present statutory procedure covers the field completely to the exclusion of the common law."
Noting that savings and loan associations are creatures of statute and quasi-public in nature, the Supreme Court remarked that for this reason the Legislature had placed upon certain state officers the responsibility of protecting members in dealing with their associations, and "while the court's power is not relinquished entirely, it is much more restricted than in cases dealing with private corporations." (Italics ours) The court went on to observe that a statute may take away a common law right, but if such a change is to be effectuated, the legislative intent to do so must be plainly and clearly expressed. It then concluded that
"Keeping in mind these legal admonitions, we nevertheless think the history and substance of the act in question constitute a complete administrative remedy intended by the Legislature to provide for expert administrative service to members, associations and the public, and it is self-sufficient unto itself to a degree where it supplants and by inference repeals the common law relating to such associations. * * *"
Accordingly, the court held that the Law Division was correct in its conclusion that it had no jurisdiction over the subject matter under the circumstances there presented.
*435 Defendants rely heavily on the broad statement in DeFazio that the Savings and Loan Act of 1946 "is self-sufficient unto itself to a degree where it supplants and by inference repeals the common law relating to such associations." (But see, in this connection, the dissenting opinion of Justice Heher, who refused to concur in this statement and significantly remarked that "We are concerned here only with the particular power invoked * * *.")
Although the quoted language of DeFazio is admittedly broad, we do not consider the present matter as falling within its ambit. In the first place, the provision of the statute there considered, N.J.S.A. 17:12A-100, expressly provided for primary jurisdiction in the Commissioner as to the subject-matter involved and prescribed the exact procedure to be followed by a member in appealing to him where he had been denied information by his association. That procedure was declared to be "exclusive." N.J.S.A. 17:12A-100(3). As observed, the Savings and Loan Act of 1946, as amended, contains no provision which could be interpreted as investing the Commissioner with power to adjudge the validity of elections of directors, and prescribes no procedures whatsoever by which a member may bring his complaint to the attention of the Commissioner.
Secondly, plaintiffs here do not base their action upon a common law right, but upon N.J.S.A. 14:10-16, which provides for judicial review of corporate elections and which was held in the United Towns and Polish American cases, above, to be applicable to savings and loan associations prior to the revision of the act in 1946. There is no provision in the latter act expressly or inferentially taking away the right to such a remedy. Here it is appropriate to refer to the familiar presumption against implied legislative repealer.
Courts may not legislate; they cannot supply authority where none is provided by the Legislature. And even were it said that there is a reasonable doubt of the existence of the particular power claimed to be lodged in the Commissioner, the power would be denied because power *436 in a legislative agent is not a matter of implication. Swede v. Clifton, 22 N.J. 303, 312 (1956). We hold that the Law Division had jurisdiction in the premises under N.J.S.A. 14:10-16.
In view of our determination, the cause must be remanded for a plenary hearing on the merits. Plaintiffs have suggested that this court exercise original jurisdiction and determine the controversy. Although defendants admit the employment of the professional proxy solicitors, it appears that proofs will have to be taken in view of the fact that there are surrounding controverted facts. We do not have an adequate record that would support our review of the propriety of the election. Metropolitan Motors v. State, 39 N.J. Super. 208 (App. Div. 1956). The sound administration of justice dictates that the judgment of dismissal be reversed and the cause remanded to the Law Division for hearing and disposition there.
Reversed and remanded.