## McNewis Executors v. David Rogers.

1. SUPREME COURT PRACTICE.—*Certiorari, when it lies.*

A certiorari will lie to bring up from the Court below the proofs and the record in relation to the cost of a witness in a cause which has been determined at a previous term of the Supreme Court.

2. SAME.—*Power to correct mistake in judgement rendered at a previous term.*

Where the Clerk's transcript showed that the judgment against executors in the Court below was entered *de bonis propriis* whereas, in fact, as the record below discloses, it was actually rendered *de bonis testatoris*, the Supreme Court at a term subsequent to an affirmance of such judgment, has no power to correct the same.

I. In this cause at which final judgment was rendered at the September Term, 1849, of the Supreme Court, (1) affirming the judgment of the Circuit Court of Claiborne County, on motion of Sneed a certiorari was awarded directing the Clerk of the Court below to certify to the Supreme Court the record and proofs in regard to the cost of a witness. [2]

II. Sneed also ,suggested that in the transcript of the record on file in this Court it appeared that the judgment in the court below was against the executors *de bonis propriis*, whereas, in fact, as the original record shows, it was rendered *de bonis testatoris.*

He therefore asked the Court for a certiorari requiring the clerk of the Circuit Court to send up a corrected transcript of the judgment below, to the end that the entry of the judgment in this Court rendered at the

(1) *Supra*, page 32.

(2) CERTIORARI.—History and object of the writ. Durham v. United States, 4 Hayw. 69. Supreme Court may send *certiorari* without suggestion of diminution when. Newport v. Rowen, 4 Hayw. 195. As a substitute for appeal, Perkins v. Hadley, 4 Hayw. 143 ; Trigg v. Boyce, 4 Hayw. 100; Roberts v. Cantrell, 3 Hayw. 219 ; Rogers v. Ferrel, 10 Yerg. 254.

last term, which affirmed the judgment of the Court below, and into which this error in the transcript from the Circuit Court had been copied, might be corrected.

GREEN. J. :

There are but two cases in which this Court can correct its judgments at a term subsequent to their rendition ; one at common law where the entry was a misprision of the clerk ; the other under Mr. Nicholson's law to authorize the Supreme Court to do justice in certain cases, and this case does not fall within either (2) (3) *Motion to award certiorari on that point denied.*

(3) Power of Supreme Court over its judgment of former term.—Bill of Review does not lie to revise, Cox v. Breedlove, 2 Yerg. 499 ; Wilson v. Wilson, 10 Yerg. 200. But may correct errors arising from misprision of Clerk, Crutchfield v. Stewart, 1 Humph. 380; Farris v. Kilpatrick, 1 Humph. 379. *Contra,* where the error proceeds from an arrangement of the parties. Ridgeway v. Ward. 4 Humph. 430. See Witt v. Griggsby *Infra.* See the Code 2877, 2878, 2879. See also Ballen v. Farnsworth, *Infra.*