

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:                          Opinion No. O-2972
                                   Re: Is the 15¢ provided for under
                                       Section 1 of Article 1040 a
                                       fee of office and does it have
                                       to be accounted for?

        Your recent request for an opinion of this department
on the above stated question has been received.

        We quote from your letter as follows:

        "The Sheriff's Department has requested an
opinion as to whether or not, Section 1, of Arti-
cle 1040, Code of Criminal Procedure, providing:
'1. For the safekeep of each prisoner for each
day the sum of fifteen cents, not to exceed the
sum of two hundred dollars per month,' constitutes
fees of office that have to be accounted for.

        "In this connection I have examined 261 S.W.
535, and 34 S.W. (2nd) 302, but since I do not
have available 203 S.W. 445, I have been unable
to examine the latter decision.

        "In the case of Binford vs. Harris County,
261 S.W. 535, in connection with the above provi-
sion it is held:

                "'In other words, we think the
        principle of exclusion applies, and
        that the Legislature, in thus separ-
        ately classifying these items, and pro-
        viding specifically only that the net
        profit from ''the support and mainten-
        ance'' of prisoners should be report-
        ed as a fee of office, which had not

hitherto been so under the Hammond deci-
sion, meant thereby to exclude from the re-
quirement the other item not so mentioned,
the 15 cents per day charge for safe-keep,
and so intended that - up to the $200
limit - it should be retained by the sher-
iff as an extra allowance for which he was
not required to account under the fee bill.'

"In the case of Nolan County vs. Yarbrough, 34 S.
W. (2nd) 302, it is held:

"'We have concluded that the item of
15 cents per day for safe-keeping was not
intended to be included in that account.'
(The account required by Article 1046, C.
C.P.)

"Under these authorities I have advised the sher-
iff that the 15 cents provided for under Section 1 of
Article 1040, was not a fee of office and did not have
to be accounted for.

"Please advise me whether or not this is correct."

After carefully considering the authorities above men-
tioned and other pertinent statutes as hereinafter mentioned we
are unable to agree with the conclusion stated in your letter.

Article 1040, Code of Criminal Procedure, reads as
follows:

"For the safe keeping, support and mainten-
ance of prisoners confined in jail or under guard,
the sheriff shall be allowed the following charges:

"1. For the safekeep of each prisoner for
each day the sum of fifteen cents, not to exceed
the sum of two hundred dollars per month.

"2. For support and maintenance, for each pri-
soner for each day such an amount as may be fixed
by the commissioners court, provided the same shall
be reasonably sufficient for such purpose, and in
no event shall it be less than forty cents per day
nor more than seventy-five cents per day for each

prisoner. The net profits shall constitute fees of office and shall be accounted for by the sheriff in his annual report as other fees now provided by law. The sheriff shall in such report furnish an itemized verified account of all expenditures made by him for feeding and maintenance of prisoners, accompanying such report with receipts and vouchers in support of such items of expenditure, and the difference between such expenditures and the amount allowed by the commissioners court shall be deemed to constitute the net profits for which said officer shall account as fees of office.

"3. For necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the commissioners court of the county where the prisoner is confined may determine to be just and proper.

"4. For reasonable funeral expenses in case of death."

Wilson County has a population of seventeen thousand, sixty-six (17,066) inhabitants, according to the 1940 Federal Census and we are informed that the county officials of said county are compensated on a fee basis.

Articles 3896 and 3897, Vernon's Annotated Civil Statutes read as follows:

Art. 3896. (3894) "To keep accounts - Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers

and to report his findings to the next succeed-
ing grand jury or district court. In counties
having no county auditor, it shall be the duty of
the Commissioners' Court to make the examination
of said books and accounts or have the same made
and to make report to the grand jury as herein-
above provided."

Art. 3897. (3895) "Sworn statement -
Each district, county and precinct officer, at
the close of each fiscal year (December 31st)
shall make to the district court of the county
in which he resides a sworn statement in tripli-
cate (on forms designed and approved by the State
Auditor) a copy of which statement shall be for-
warded to the State Auditor by the clerk of the
district court of said county within thirty (30)
days after the same has been filed in his office,
and one copy to be filed with the county auditor,
if any; otherwise, said copy shall be filed with
the Commissioners' Court. Said report shall show
the amount of all fees, commissions and compen-
sations whatever earned by said officer during
the fiscal year; and secondly, shall show the
amount of fees, commissions and compensations
collected by him during the fiscal year; thirdly,
said report shall contain an itemized statement
of all fees, commissions and compensations earned
during the fiscal year which were not collected,
together with the name of the party owing said
fees, commissions and compensations. Said report
shall be filed not later than February 1st follow-
ing the close of the fiscal year and for each day
after said date that said report remains not filed,
said officer shall be liable to a penalty of Twenty
Five ($25.00) Dollars, which may be recovered by
the county in a suit brought for such purposes,
and in addition said officer shall be subject to
removal from office."

The last two paragraphs of Article 3891, Vernon's Re-
vised Civil Statutes, read as follows:

"The compensation, limitations and maximums
herein fixed in this Act for officers shall include
and apply to all officers mentioned herein in each
and every county of this State, and it is hereby
declared to be the intention of the Legislature
that the provisions of this Act shall apply to each
of said officers, and any special or general law

inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, wh ch sum shall not be accountable for and not required to be reported as fees of office."

It appears that the terms of the last above quoted article are inclusive, to the extent that in order for fees to be exempted thereunder, they must be specifically excluded.

In the case of Nichols v. Galveston County (Sup. Ct. of Texas, 1921), 228 S.W. 547, Galveston County sued the appellant to recover certain fees and commissions received by him as Tax Assessor and Collector of Galveston County, who also performed the duties of Assessor and Collector from drainage district for which latter service he received a compensation for which recovery was sought. The Court, in considering the case, compared the articles under which compensation is allowed to Tax Assessors and Collectors for their services in assessing and collecting taxes of drainage districts to the article under which the Tax Assessor and Collector of the county may be designated Assessor and Collector for an independent school district, and receive in return for acting as such certain commissions. The Court considered situations arising under each article with respect to accountability of commissions received thereunder to be completely analogous. The court cited the case of Ellis County v. Thompson, 66 S.W. 49, quoting from such case in the following language:

"The phrase 'fees of all kinds' embraces every kind of compensation allowed by law to a clerk of the county court, unless excepted by some proviso

of the statutes.... The exceptions are so defin-
ite that by implication all fees not mentioned in
the exceptions are excluded therefrom, and there-
by included within the requirement of the act."

In view of the foregoing authorities you are respect-
fully advised that it is the opinion of this department that
the above mentioned compensation received by the sheriff for
the safe keeping of prisoners is a fee of office and must be
accounted for as such.

Trusting that the foregoing fully answers your in-
quiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED JAN 2, 1941

ATTORNEY GENERAL OF TEXAS

