In the Matter of GEORGE T. OGDEN, Petitioner, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

Third Department, May 5, 1948.

*Samuel W. Eager,* attorney for petitioner.

*Donald L. Brush,* attorney (*Robert G. Blabey* of counsel), for respondent.

*Per Curiam.* Under article 78 of the Civil Practice Act petitioner is reviewing a determination of the Commissioner of Agriculture and Markets of the State which denies his application to be permitted to continue the operation of retail routes for the sale of milk in connection with the wholesale business for which he has a license. The determination is under the general provision of the milk control statute (Agriculture and Markets Law, § 258-c) that " licensee has not satisfied the Commissioner that the granting of the extension would not tend to a destructive competition in a market already adequately served or that the granting of the extension would be in the public interest ". No question is raised as to petitioner's character, experience, financial responsibility, equipment or otherwise to conduct the business. This proceeding involves a milk business which has been conducted for nearly forty years by petitioner and his father. The commissioner finds that petitioner was in business at the present plant as a milk dealer for twenty years or more prior to 1945, and that he conducted a wholesale business and operated four retail routes. The business was sold by petitioner in 1945, and resold by his vendee in October, 1946. At the time of the last sale the mortgage which petitioner held upon the property was in default and after about two months the new purchaser, Orange County Dairy, Inc., advised petitioner that they were about to abandon the business, and turned it over to him. At that time the retail routes were being operated in connection with the wholesale business. Later, and in February, 1947, petitioner purchased the property at the referee's sale in a foreclosure action.

The commissioner assigns no reason for the denial except the conclusion under the statute as to destructive competition earlier set forth. By his denial the number of retail milk routes in Middletown has been decreased and petitioner denied the right to continue a business which he and his father have conducted for nearly forty years.

The attorney for the commissioner in his brief presents claimed facts which are not in the record and which have no

place in this review, as they were not considered by the commissioner in making his decision, which was arbitrary and against the weight of evidence.

The determination should be annulled on the law and facts, with costs and the case remitted to the commissioner for the taking of any additional proof which the petitioner or the commissioner may desire to offer, and if no new proof be presented, the commissioner should issue a license in accordance with the application.

HILL, P. J., BREWSTER, FOSTER, RUSSELL and DEYO, JJ., concur.

Determination annulled on the law and facts, with $50 costs and the case remitted to the commissioner for the taking of any additional proof which the petitioner or the commissioner may desire to offer, and if no new proof is presented, the commissioner should issue a license in accordance with the application.