[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 469 
The question for determination is whether the Commissioner of Motor Vehicles (now Director, Division of Motor Vehicles) lawfully revoked, without hearing, plaintiff's license to operate a motor vehicle in the State of New Jersey.
The case was tried before the Essex County Law Division of the Superior Court without a jury and on a stipulation of facts. This appeal stems from the affirmance by the Superior Court of the Commissioner's revocation of plaintiff's driver's license.
Plaintiff was convicted of operating an automobile while under the influence of intoxicating liquor in violation of the motor vehicle laws of the State of Maryland and his privilege to operate a motor vehicle in that State was suspended indefinitely. Defendant, under authority of R.S. 39:5-30, upon receipt from the Commissioner of Motor Vehicles of the State of Maryland of the record of plaintiff's conviction, revoked plaintiff's license to operate a motor vehicle in New *Page 470 
Jersey, first having given written notice to plaintiff of such proposed revocation and the ground thereof.
Plaintiff urges three grounds for the reversal of the judgment of the Superior Court, viz.: that (1) the action of the Commissioner was invalid because of the Commissioner's failure to grant him a hearing prior to the revocation of his license; that (2) his conviction in Maryland was "obtained by fraud" and "is a nullity;" that (3) his conviction in Maryland was not within the purview of R.S. 39:5-30 as constituting "other reasonable grounds" authorizing the Commissioner to revoke his license. We find no merit in these contentions.
The pertinent portion of R.S. 39:5-30 (as amended P.L.
1945, c. 256, p. 782, § 1) reads:
"Every registration certificate and every license certificate to drive motor vehicles may be suspended or revoked, and any person may be prohibited from obtaining a driver's license or a registration certificate, and the reciprocity privilege of any nonresident may be suspended or revoked by the commissioner for a violation of any of the provisions of this Title or on any other reasonable grounds, after due notice in writing of such proposed suspension, revocation or prohibition and the ground thereof."
Under R.S. 39:5-30, it is also provided that the Commissionermay hold a hearing "looking toward a revocation of a license or registration certificate issued by or under his authority." Plaintiff, in seeking a hearing before the Commissioner, was obviously attempting to get an opportunity to try out the issue of his guilt or innocence of the Maryland charge. His lack of prudence and diligence in meeting that issue in the foreign jurisdiction precipitated the predicament with which he has been faced by the action of the Commissioner. It is clear that the pertinent language of the statute grants the Commissioner discretionary authority as to whether he will conduct such a hearing. Unless it appears that the Commissioner abused his discretion, a revocation or suspension of license will not be set aside on that ground. Under the circumstances prevailing here, we are of the opinion that the Commissioner was not chargeable with any abuse of discretion in refusing to grant plaintiff a hearing. *Page 471 
Plaintiff's contention that the conviction in the State of Maryland was "obtained by fraud" and "The judgment * * * is a nullity," is not supported by the record. In fact, it is entirely barren of any persuasive proof tending to establish any infirmity in the judgment. By consent of counsel, we have examined the certificate of the Maryland conviction which was the basis of the Commissioner's revocation of plaintiff's New Jersey license. We are satisfied that it evidences a valid conviction not only for operating a motor vehicle under the influence of intoxicating liquor, but also for "reckless driving." His deliberate failure to appear at a hearing scheduled the day following his arrest in Maryland, his failure to take an appeal from the judgment of conviction and having instituted no proceedings to test the validity thereof, plaintiff cannot successfully assert its invalidity here.
We are satisfied that plaintiff's conviction in Maryland is reasonably comprehended within the term "other reasonable grounds" (R.S. 39:5-30) justifying defendant's revocation of plaintiff's New Jersey license. Upon conviction of a person for operating an automobile while under the influence of intoxicating liquor over the highways of this State, his right to operate a motor vehicle is forfeited for a period of two years. R.S.
39:4-50. It reasonably follows that one holding a New Jersey driver's license, upon proof of a conviction for that offense in another state, should not be permitted to continue to operate a motor vehicle in New Jersey. In the case of Hinnekens v. Magee,135 N.J.L. 537 (Sup. Ct. 1947), while the factual situation is not analogous to the case sub judice, the court indicated its approval of the authority of the Commissioner to revoke a New Jersey driver's license upon proof of his conviction for operating a motor vehicle while under the influence of intoxicating liquor in another state.
We are convinced that plaintiff's conviction in Maryland was a sufficiently valid and reasonable ground as to have justified the defendant in revoking his New Jersey driver's license.
The judgment of the Superior Court is affirmed, with costs. *Page 472