In the Matter of THOMAS H. HOWARD, Appellant, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles, Respondent.

*Per Curiam.* Petitioner in his verified petition admits that after a plea of not guilty he was convicted in the Municipal Court of South Portland, Maine, of the charge of violating the statute in question, section 121 of chapter 19 of the Revised Statutes of the State of Maine (1944), viz., operating a motor vehicle when under the influence of intoxicating liquor or drugs and was fined $109.94 and paid the fine. A certificate of the Secretary of State of Maine was annexed to the answer showing that petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor and had his license revoked therefor. For these reasons and for the reasons stated by Special Term, the order appealed from should be affirmed, with $20 costs and disbursements.

COHN, J. (dissenting). Paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law of this State makes revocation mandatory where the holder of a license or certificate is convicted of " an offense consisting of operating a motor vehicle or motor cycle while under the influence of intoxicating liquor where the conviction was had outside this state ".

The Commissioner of Motor Vehicles in revocation proceedings acts in a quasi-judicial capacity and his power should be exercised in a legal manner upon competent evidence. Congress has indicated the conditions under which records and judicial proceedings of one State shall be admitted in evidence and entitled to full faith and credit in another State (U. S. Code, tit. 28, § 1738). Section 394 of our Civil Practice Act specifies the conditions under which a transcript of a judgment rendered in another State is competent evidence in this State. The record on which the commissioner acted in this instance does not comply with either the Federal or State statutory provision. The wisdom of insistence upon proper evidence is demonstrated in this case where the transcript acted upon recites that the appellant's offense was "Driving under the influence" without any indication of the influencing agent or the particular statute relied upon. The letter from the deputy secretary of state of the State of Maine describing the alleged offense is of no value as evidence, since the record alone must be relied upon to show the nature of the violation. As petitioner correctly states, there is no such offense in this State or in the State of Maine as "Driving under the influence". It is also alleged that petitioner, a New York resident, is fifty-one years of age and that he has owned an operator's license in the State of New York for about thirty years.

It is a rule of pleading that the allegations of the pleader cannot prevail over facts shown by documents made part of the pleading (*Kobert* v. *National Mach. Co.*, 233 App. Div. 234, affd. 258 N. Y. 586). The exhibit annexed to the petition does not support the allegations that petitioner was charged with and convicted of violating section 121 of chapter 19 of the Revised Statutes of Maine (1944). Moreover, in determining whether the Commissioner of Motor Vehicles acted lawfully in revoking appellant's license, this court may only consider the evidence upon which respondent acted when he made the determination which is now challenged. (*Matter of Ogden* v. *Du Mond*, 273 App. Div. 582, 583-584; *Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164, 177.) Upon the record before respondent, there was no valid basis for the revocation in this State of appellant's operator's license and his certificate of automobile registration.

The order should be reversed and the motion to annul respondent's determination revoking petitioner's license and certificate of registration should be granted.

Dore, J. P., Callahan, Van Voorhis and Shientag, JJ., concur in *Per Curiam* opinion; Cohn, J., dissents and votes to annul the determination, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [199 Misc. 521.]