Roy Fletcher COUNCIL, Petitioner,

v.

DIRECTOR OF MOTOR VEHICLES, agent
for the Commissioners of the District
of Columbia, Respondent.

No. 2503.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 1, 1960.

Decided April 7, 1960.

S. Jay McCathran, Jr., Washington, D. C., with whom Arthur C. Elgin, Washington, D. C., was on the brief, for petitioner.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for respondent.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Petitioner, a resident of the District of Columbia, was convicted in Virginia of driving while under the influence of intoxicating liquor and his license was revoked. The order of revocation was certified by the Virginia authorities to the Department of Motor Vehicles of the District of Columbia. The Director, exercising the discretion allowed under the "point system" regulation in cases of certification,[1] assessed twelve points for the Virginia conviction. This, together with a prior minor infraction occurring in the District, gave petitioner a total of fourteen points and permitted revocation of his operator's permit in the District. Upon notification of revocation petitioner requested a hearing; and upon affirmance there he then asked for a review of his case by the Director. The Director approved the revocation, and a petition for review was filed in this court.

Petitioner contends that the hearing held was improper because the hearing officer refused to consider the facts surrounding the Virginia conviction, and because of certain alleged procedural irregularities which occurred during the hearing; also, that the Director exceeded his discretion in allowing points to be assessed for the conviction outside the District.

 The transcript of the hearing is void of any of the irregularities claimed by counsel for petitioner. If what counsel claimed in his oral argument actually did transpire we are unable to see how the transcript would fail to reflect it; absent any such indication we do not consider the argument. As to the refusal of the hearing officer to consider the facts surrounding the Virginia conviction, we have previously said that the purpose of the hearing is not to retry the violation, but to ascertain if there are extenuating circumstances which would justify the retention of the permit in spite of the motorist's record.[2] Petitioner was allowed to state these circumstances and to explain how he happened to be in Virginia, having been called away from home by distressing family problems, and his distraught state of mind at the time. All of this was properly before the hearing examiner. What counsel for petitioner wished the examiner to review, however, was the essential validity of the Virginia judgment itself, and the circumstances under which it was rendered. This the examiner rightly refused to do.

1. Traffic and Motor Vehicle Regulations of the District of Columbia, Part V, § 3.

2. Tillman v. Director of Vehicles and Traffic of Dist. of Columbia, D.C.Mun.App.,
144 A.2d 922; Ritch v. Director of Vehicles and Traffic of Dist. of Columbia, D.C.Mun.App., 124 A.2d 301.

■ Lastly, we do not think the Director exceeded his discretion in assessing points for the conviction outside of the District. Had the incident occurred within this jurisdiction it would have meant mandatory revocation of petitioner's permit without the exercise of any discretion, without a hearing,[3] and without reference to the point system.[4] That the point system was resorted to at all here seems to be based on the fact that the mandatory penalty for certification from another jurisdiction in this type of violation is suspension of the operator's permit only. Code 1951, § 40–453 (b) (Supp. VII). Since the point system may be used so long as the mandatory penalty is less than revocation. it is the proper method of proceeding to revoke permits on convictions certified to the District. It is no abuse of discretion to accomplish under the point system, in cases of certified convictions, what is mandatory in case of a conviction in the District. The result is in accord with the prevalent views of highway safety in other jurisdictions today.[5]

Affirmed.

HOOD, Associate Judge (concurring).

A matter which gives me concern is the charge in petitioner's brief that the transcribed report of the hearing is not complete. The charge is made that the hearing officer "operated the transcribing machine at his whim, in turning it on and off, as he saw fit," with the result that the transcript does not accurately and completely show what occurred at the hearing. This charge is the more disturbing because we have had similar charges in other appeals of this nature. The Corporation Counsel can neither deny nor admit these charges because no one from that office is present at these hearings.

It is my understanding that at these hearings there is a recording machine which is controlled by the hearing officer, and that the recording is later transcribed by a person who was not present at the hearing. In the instant case the person who transcribed the recording certified "that to the best of my ability, the foregoing is an official and accurate transcript of the testimony taken and proceedings had before the Hearing Officer." If my understanding of the procedure is correct, all this certificate amounts to is a certification that the recording was accurately transcribed, but is not a certification that the entire hearing was recorded. I feel, and hereafter shall insist, that the hearing officer himself shall certify that the transcript forwarded here is a complete and accurate record of the hearing.

I join in the opinion because petitioner, while insisting that the record is not complete, expressly makes no objection to our considering it.

---

3. Code 1951, §§ 40–302(a) and 40–609(d), (e) (Supp. VII)..

4. Traffic and Motor Vehicle Regulations, supra, § 6.

5. See, e. g., Tichenor v. Magee, 4 N.J. Super. 467, 67 A.2d 895; Howard v. Fletcher, 278 App.Div. 799, 104 N.Y.S. 2d 176; Lamb v. Butler, 198 Va. 509, 95 S.E.2d 239.