Per Curiam.

Petitioner makes no attack on the validity of his indictment but confines his argument primarily to the fact that, although his cause was remanded for a new trial, he in fact had no trial and was therefore deprived of his constitutional rights.
Petitioner alleges that the state presented no evidence and he was allowed to call no witnesses. He cites authorities defin *33 ing what constitutes a new trial, as to his right to call witnesses and as to the inadmissibility of the transcript of the proceedings at his former trial in his new trial, all of which are in the abstract sound propositions of law but which do not apply to the petitioner in the instant case.
The journal entry of the Court of Common Pleas relating to petitioner’s second trial reads in part as follows:
“And now comes the prosecuting attorney on behalf of the state, and defendant being brought into court in custody of the sheriff; his counsel also coming; and thereupon the defendant in writing, submits this case to the court upon the transcript and evidence produced at the first trial. Written briefs and arguments are waived.
“State waived opening oral arguments.
“Defense reserves right of oral arguments at convenience of the court and after consideration of the written transcript.”
This record, which of course bears the presumption of regularity, is clear on its face and shows that petitioner agreed to the method of trial used. Although the proceedings at the new trial were unusual, there is nothing in the statutes or the Constitution which would render them illegal. There is no reason in law why, if an accused who is entitled to a new trial so chooses, he cannot agree that a court may hear his new trial on the transcript of the proceedings at his former trial.
The petitioner in the instant case was denied nothing. He appeared in open court accompanied by his counsel who had tried the case in the first instance and who had secured the reversal of the conviction, thereby creating the right to the new trial. Petitioner, according to the record, agreed in writing to waive a jury and to proceed with the new trial on the transcript of the proceedings at his former trial. He apparently, according to the record, stood mute when asked whether he had anything to say before sentence, and he made no effort to appeal from such conviction. It is clear that he agreed to the type of proceedings which occurred. Petitioner could waive his right to a complete new trial and agree that such matter should be considered on the record even as he had the right to waive a trial by jury or to waive a trial altogether by entering a plea of guilty.
*34 Petitioner accepted such procedure and has acquiesced for a period of seven years without urging the alleged infringement of his rights. Under such circumstances, the following statement of Judge Taft in his concurring opinion in In re Levenson, 154 Ohio St., 278, is most apt:
“The lapse of time since those convictions 15 and 19 years ago has been such as to make it unlikely that the witnesses, who could have testified for the state, can now be located or will, if located, remember with any degree of accuracy the facts about which they would be required to testify. Under such circumstances, and in the absence of special or unusual facts accounting for or excusing such lapse of time, the interests of justice require a holding that petitioner’s failure to take prompter action bars his assertion of the alleged rights, which he once may have had, to collaterally attack these convictions. ’ ’
Petitioner raises a question as to the competency of his counsel at the new trial. Such counsel had represented petitioner not only at his original trial but had appealed from his conviction to the Court of Appeals and secured a reversal, thus giving rise to the new trial. Obviously such counsel did an adequate job for the petitioner — more is not required. The court in Converse v. Hand, Warden, 185 Kan., 112, expressed very well, as follows, the rights of an accused to assigned counsel:
“Petitioner’s third ground is that he was prejudiced and deprived of a fair trial because his court appointed attorney was inexperienced. At the outset, it may be noted that such a complaint is not uncommon among persons who have been convicted of crime, for as was said by this court, 'No thief e’er felt the halter draw, with good opinion of the law.’ (Trugillo v. Edmondson, 176 Kan., 195, 203, 270 P. [2d], 219.) There is no constitutional or statutory guaranty for the assistance of the most brilliant counsel (United States v. Thompson, 56 P. Supp., 683, 688; Miller v. Hudspeth, 164 Kan., 688, 707, 192 P. [2d], 147).”
Such issue as competency of counsel must be raised by appeal and not by habeas corpus. McConnaughy v. Alvis, Warden, 165 Ohio St., 102; and Rodriguez v. Sacks, Warden, 173 Ohio St., 456.
Petitioner argues further that he is innocent of the crime charged. Habeas corpus is directed only to the jurisdiction of *35 the court and to matters which would render the conviction absolutely void. Questions as to the guilt or innocence of one convicted of a crime cannot be raised in a habeas corpus proceeding. In re Poage, 87 Ohio St., 72; Rodriguez v. Sacks, supra; and Spence v. Sacks, Warden, 173 Ohio St., 419.
Petitioner urges also that, when the cause was remanded for a new trial, the judge who had presided during the first trial did not have jurisdiction to sit on the new trial. This argument is without foundation. Jurisdiction over petitioner arose as a result of the return of a valid indictment. It is this which invokes the jurisdiction of the trial court, and the judge who originally presided is not divested of jurisdiction by the reversal of the former conviction and the remand for a new trial.
Petitioner has shown no lack of jurisdiction of the trial court over either his person or the subject matter of the crime nor has he shown any deprivation of any constitutional right.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, 0 ’Neill and Grieeith, JJ., concur.
Herbert, J., not participating.