88 N.J. Super. 221 (1965)
211 A.2d 398
JOSEPH C. FARRELL, APPELLANT,
v.
JUNE STRELECKI, DIRECTOR OF DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1965.
Decided June 23, 1965.
*222 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. George M. Eichler argued the cause for appellant.
Mr. James S. Oliver, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
PER CURIAM.
We see no merit to this appeal. Mr. Farrell was admittedly convicted of negligent homicide in Connecticut arising out of the operation of his automobile in that state. As a result, his driving privileges in Connecticut were suspended for a period of one year.
Based on the above conviction and suspension of driving privileges, the Director of Motor Vehicles of this State, pursuant to N.J.S.A. 39:5-30, served notice in writing upon Farrell of the proposed revocation of his driver's license, issued by New Jersey, for a period of one year. After hearing, revocation for the one-year period was ordered. The Director held that the conviction of negligent homicide in Connecticut constituted "reasonable grounds" for revocation under N.J.S.A. 39:5-30. We agree. See Tichenor v. Magee, 4 N.J. Super. 467 (App. Div. 1949).
It is argued that New Jersey lacks a statute providing for an interstate compact with other states so that the Director had no power under N.J.S.A. 39:5-30.1 (which implements N.J.S.A. 39:5-30) to revoke Farrell's license for the Connecticut conviction of negligent homicide.
*223 As above noted, we conclude that the Director had full authority to proceed under N.J.S.A. 39:5-30. Also we do not agree that the Legislature has not by law established machinery for interstate cooperation between New Jersey and other states in the matter of motor vehicle violation. See N.J.S.A. 39:4-9.1; N.J.S.A. 39:5-30.1. It is to be noted that New Jersey and Connecticut, acting through their respective Director and Commissioner of Motor Vehicles, have entered into a formal agreement for reciprocal exchange of information concerning motor vehicle violations.
Finally, it is argued that the Director lacked power to suspend Farrell's license on the basis of the conviction in Connecticut because New Jersey does not have an offense similar to negligent homicide. This contention, of course, has no pertinency under N.J.S.A. 39:5-30. That aside, we fail to see how N.J.S.A. 39:5-30.1 so limits the Director's power. However, even if it did, we are satisfied that the Connecticut offense of negligent homicide is basically similar to our offense of careless driving. N.J.S.A. 39:4-97.
Affirmed.