195 N.J. Super. 91 (1984)
477 A.2d 1295
IN THE MATTER OF WILLIAM G. KOVALSKY.
Superior Court of New Jersey, Appellate Division.
Argued June 5, 1984.
Decided July 9, 1984.
*92 Before Judges KING, DREIER and BILDER.
*93 Donald G. Kein argued the cause for appellant, Kovalsky (Kein & Pollatschek, attorneys).
Moira L. Sullivan, Deputy Attorney General, argued the cause for respondent, Division of Motor Vehicles (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General of counsel).
The opinion of the court was delivered by KING, J.A.D.
This case involves the right of the Director of Motor Vehicles to suspend a driver's license for failure to appear and defend a drunken driving charge in Georgia. The Director suspended appellant's license. We agree and affirm.
Here are the facts. Appellant was a resident and licensed driver of New Jersey and worked as a salesperson for a textile manufacturer in New York City. On November 11, 1982 at one a.m. he was arrested and received a summons in Macon, Georgia for driving while under the influence of alcohol. The summons stated that a breath test was administered and that the result was .14% blood alcohol by volume. He posted a $300 bond; a trial date of December 14, 1982 appeared on the summons.
Appellant failed to attend on the trial date. His bond was forfeited in the Macon Municipal Court on January 18, 1983. He testified that he did not appear because it was financially difficult to return to Georgia, because he did not think that he could miss work, and because "I didn't feel I was guilty."
A copy of the summons was forwarded to the New Jersey Division of Motor Vehicles (DMV) and the violation was placed on appellant's driving record, which disclosed that he previously had been convicted in New Jersey of driving while under the influence of alcohol in November 1979.
On April 25, 1983 the DMV sent appellant an order which suspended his driving privileges until he "appeared in court, satisfied the summons and served any license suspension imposed *94 by the court." The reason for this suspension was: "Failure to appear and satisfy summons in Municipal Court in Georgia. Bail/Bond forfeiture in Foreign State. Summons issued November 11, 1982 for driving while under the influence of intoxicating liquor." On May 25, 1983 the DMV issued a corrected schedule of suspension and, pursuant to N.J.S.A. 39:5-30, N.J.S.A. 39:5-30.1 and N.J.S.A. 39:3-10, suspended his driving privileges for two years as a second offender. The reason stated was: "Driving a motor vehicle while under the influence of intoxicating liquor in the State of Georgia. Foreign State conviction effective 1-18-83. New Jersey suspension effective 6-9-83 for two years from the date of driver's license is received." Appellant requested a hearing to contest this suspension.
An administrative hearing was held in September 1983. Appellant admitted that he had been in Macon, Georgia, that he had received the summons, and had posted a $300 bond. He testified that he did not believe that there was a court date on the summons, although his attorney contradicted this statement and the date appears clearly on the face of the summons. Appellant's primary contention at the hearing was that he was not guilty of the offense charged, driving under the influence of intoxicating liquor, and that he had never pled guilty nor been tried and found guilty. The only physical evidence before the Administrative Law Judge was a copy of the Georgia summons received from the DMV which set forth the forfeiture of the $300 bond.
In his opinion the Administrative Law Judge decided against suspension for two reasons. First, he found appellant was not on notice that his driving privileges "were going to be suspended and/or revoked in accordance with N.J.S.A. 39:5-30." Second, he found that there was "nothing in the record to support the State's view that [appellant] was adjudged guilty of driving while intoxicated in Georgia." He concluded that "the assertion of innocence, and the absence of documentary proof, must be believed."
*95 The Director of the Division reversed the Administrative Law Judge's decision. He found that the Administrative Law Judge had essentially converted appellant's failure to appear in Georgia into a valid defense to an administrative suspension. He stated
However, contrary to the Administrative Law Judge, I do not accept respondent's non-appearance as sufficient reason to forego imposition of the proposed suspension. Respondent was fully aware of the serious nature of the drinking-driving charge which had been lodged against him in the State of Georgia, and had ample opportunity to contest the matter on the date of the scheduled hearing. The fact that he failed to do so does not form the basis of a viable defense at the instant administrative proceeding.
Consequently, pursuant to N.J.S.A. 39:5-30, N.J.S.A. 39:5-30.1 and N.J.S.A. 39:3-10, the Director suspended appellant's driving privileges for two years  the mandatory suspension for a second drunk-driving offense  and ordered him to attend and complete an alcohol education and rehabilitation program.
Under our statutory law, the testimony of the appellant and the uncontested admission of the summons as evidence of his forfeiture of bail, was sufficient, competent evidence upon which to suspend his driving privileges. N.J.S.A. 39:5-30, which governs suspension of driving licenses, provides in pertinent part
Every registration certificate and every license certificate to drive a motor vehicle may be suspended... for a violation of any provision of this Title or any other reasonable grounds. ... [Emphasis added].
In Tichenor v. Magee, 4 N.J. Super. 467, 471 (App.Div. 1949), we held that an out-of-state conviction for driving while under the influence of intoxicating liquor "is reasonably comprehended within the term `other reasonable grounds' (R.S. 39:5-30) justifying defendant's revocation of plaintiff's New Jersey license."
The facts in Tichenor were like this case. There plaintiff was arrested in Maryland for driving while under the influence but claimed that the conviction entered against him was "a nullity." Nonetheless, this court found that the Maryland conviction was valid. We stated

*96 His deliberate failure to appear at a hearing scheduled the day following his arrest in Maryland, his failure to take an appeal from the judgment of conviction and having instituted no proceedings to test the validity thereof, plaintiff cannot successfully assert its invalidity here.
... Upon conviction of a person for operating an automobile while under the influence of intoxicating liquor over the highways of this State, his right to operate a motor vehicle is forfeited for a period of two years. R.S. 39:4-50. It reasonably follows that one holding a New Jersey driver's license, upon proof of a conviction for that offense in another state, should not be permitted to continue to operate a motor vehicle in New Jersey. [4 N.J. Super. at 471].
See also Farrell v. Strelecki, 88 N.J. Super. 221, 222-223 (App.Div. 1965) (out-of-state conviction constituted "reasonable grounds" for revocation under N.J.S.A. 39:5-30).
The proposition that an out-of-state conviction is an adequate basis for suspending a New Jersey resident's driving privilege has been codified in N.J.S.A. 39:5-30.1, L. 1953, c. 429, § 1, which provides
Whenever the reciprocity driving privilege of any New Jersey resident is suspended or revoked by lawful authority in another State upon a conviction of a violation of the Motor Vehicle Act of such State and the report of such conviction is transmitted by the motor vehicle administrator of such State to the Director of the Division of Motor Vehicles of this State pursuant to any law providing for reciprocal exchange thereof, the director may suspend or revoke the driving privilege of such resident in this State, in the manner prescribed by section 39:5-30 of the Revised Statutes, for a period not less than that for which the reciprocity driving privilege was suspended or revoked in such other State nor more than the period for which the driving privilege would have been suspended or revoked had a conviction of a like offense occurred in this State.
The crucial question here is whether there was competent evidence of an out-of-state conviction to warrant the suspension of appellant's driving privileges pursuant to N.J.S.A. 39:5-30 and N.J.S.A. 39:5-30.1. The appellant contends that no competent evidence of a conviction was presented. The Administrative Law Judge agreed. But, an examination of the interrelationship of Georgia's motor vehicle laws, our motor vehicle laws, and the evidence, refute the appellant's contention.
Appellant conceded that he received a summons for operating a motor vehicle while under the influence of alcohol in violation of Georgia law, that he posted a $300 bond, and that he failed to appear on the trial date marked on the face of the *97 summons. Consequently, as certified on the summons, he forfeited the $300 bond.
As in New Jersey, driving under the influence of alcohol is prohibited in Georgia, see Georgia Code § 68A-902 (Cum.Supp. 1983), and a conviction of that offense required a mandatory license suspension. Id. § 68B-305 (Cum.Supp. 1983). The definition of conviction, as related to motor vehicle offenses, is provided at § 68B-101 (Cum.Supp. 1983)
* * * * * * * *
(4) "Conviction" means a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine, a plea of guilty, or finding of guilt on a traffic violation charge, regardless of whether the sentence is suspended, probated, or rebated. [Emphasis added].
Therefore, appellant's failure to appear at the scheduled hearing and his subsequent forfeiture of bond amounted to a conviction for the offense charged under Georgia law.[1]
Appellant urges a reversal claiming that he was not guilty of the offense, never pled guilty to the offense, and was never tried and convicted of the offense. In his brief, he states
Herein, the record plainly discloses that no hearing on the substance of the charge, driving under the influence of alcohol, was held. ...
The unrefuted testimony from the Appellant was a denial of driving under the influence. Thus the Administrative Law Judge, presented with no competent proof from the D.M.V., had no choice but to find no proper basis to support a suspension. In the face of Appellant's uncontroverted testimony, he properly dismissed the suspension proceedings. [Emphasis in original].
Similar contentions were addressed in Pryor v. David, 436 S.W.2d 3 (Mo. 1969)
Appellant contends that a bond forfeiture cannot be a conviction because it is neither a plea of guilty nor a verdict or finding of guilty by a court. We are not here called upon to determine whether a bond forfeiture is a conviction within *98 the strict meaning of a conviction of a crime. We are concerned with a statute providing for revocation of driving licenses for violations of traffic laws. It is a traffic safety measure.
* * * * * * * *
We agree with the Supreme Court of Virginia that a forfeiture of bail "* * * is as distinctly a conviction for purpose of the revocation as a conviction on a plea of guilty or not guilty. No reason is found in the letter or the spirit of the statutes involved for construing them so as to provide for a violator of the [traffic] laws a door of escape from revocation of his license by the expedient of forfeiting his collateral instead of appearing to answer the charge." Lamb v. Parsons, 195 Va. 353, 78 S.E.2d 707, 710 (1953). [Id. at 4-5].
See also Goodman v. Director of Dept. of Public Safety, 332 So.2d 396 (Ala. Civ. App. 1976) (almost identical to the present case; holding that out-of-state conviction is valid for purposes of in-state suspension).
Appellant's contention overlooks the general presumption that he is charged with knowledge of the law and that his ignorance of Georgia's law with regard to equivalence of conviction and bond forfeiture in the circumstance no more exuses him from the sanction of that law than would his ignorance of the motor vehicle laws of his own state. "To permit ... an ignorance of the law to be alleged as the foundation of rights, or in excuse of omission of duty, or for the privation of rights in others, would lead to the most serious mischief, and would disturb the entire fabric of the social order." Magniac v. Thompson, 56 U.S. (15 How.) 281, 300, 14 L.Ed. 696 (1854); see also Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 68, 30 S.Ct. 663, 666, 54 L.Ed. 930 (1910) ("ignorance of the law will not excuse"). "The rule that `ignorance of the law will not excuse' ... is deep in our law...." Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 243, 2 L.Ed.2d 228 (1957) (Douglas, J.). "Mere ignorance of the law is not sufficient to excuse compliance" with its requirements. Lutz v. Semcer, 126 N.J. Super. 288, 297 (Law Div. 1974) (Michels, J.).
Georgia Code § 68B-302(a) (Cum.Supp. 1983) provides that the privilege of driving a motor vehicle on Georgia's highways given to a non-resident subjects him to suspension and revocation *99 in the same manner as those licensed and living in the State of Georgia. Georgia's definition of forfeiture of bail as a conviction has withstood attack on both state and federal due process grounds. See Haley v. Hardison, 247 Ga. 750, 279 S.E.2d 712 (1981) (charges of driving while under the influence of intoxicating liquor). Moreover, notification of appellant's conviction was properly sent to the New Jersey Department of Motor Vehicles in accordance with Georgia Code § 68B-302 (Cum.Supp. 1983).
* * * * * * * *
(b) The department is further required, upon receiving a record of the conviction in this State of a nonresident driver of a motor vehicle of any offense, to forward a certified copy of such record to the motor vehicle administrator in the State wherein the person so convicted is a resident.
The record of the conviction in this case was the summons forwarded to the New Jersey DMV. The bottom of the "disposition and sentence" section of the summons states "[a]s provided by law, I hereby certify that the information on this ticket is a true abstract of the record of this court or bureau in this case"; then there appears a stamped entry "Donna Leach, Signature of Judge or Clerk," and the date "January 18, 1983." The receipt of this certified copy triggered the notice of suspension to the appellant.
The Administrative Law Judge asserted that "[n]ormally, this court would expect the State to provide a certified record of conviction to support its case." This ignores the certified summons' role as a record of conviction. While a better record of conviction might have been produced, nothing in the record suggests that appellant objected to this summons as competent evidence. An issue which is raised for the first time on appeal and is not supported by the record is not properly before this court. Cooper River Convention Center v. Dougherty, 133 N.J. Super. 226, 233 (App.Div. 1975). Absent compelling reasons, "appellate courts will decline to consider questions or issues not properly presented at the trial level when an opportunity for such a presentation is available." *100 Housing Auth. of Newark v. Sagner, 142 N.J. Super. 332, 337 (App.Div. 1976).
Pursuant to both Georgia law and N.J.S.A. 39:5-30 and N.J.S.A. 39:5-30.1, the Director of the DMV's suspension of appellant's driving privilege was proper and is affirmed. The Administrative Law Judge's conclusion that appellant "was not convicted under Georgia law and was therefore not reasonably subject to suspension in accordance with N.J.S.A. 39:5-30" is unfounded. Our conclusion promotes the public policy behind this state's drunk-driving statutes and prevents violators from employing disregard of the law as a defense to suspension of their driving privilege. As the Director stated
A major objective of both the executive and legislative branches of government in New Jersey is to discourage individuals from driving while intoxicated. "There are few types of administrative proceedings in which the public has a stronger interest than the immediate removal of drunk drivers from the highways." In re Kallen, 92 N.J. 14, 28 (1983). In connection with this State's strong public policy against drunk driving, it is incumbent upon the Division to suspend the driving privileges of those who have committed an alcohol related motor vehicle offense.
Appellant also contends that he had no notice that his failure to answer a Georgia summons would result in the suspension of his driving privilege in New Jersey and that the lack of notice violated his right to due process of the law. On the issue of notice, the Administrative Law Judge stated
... The problem herein, of course, is that the respondent was never put on notice that his driving privileges were going to be suspended and/or revoked in accordance with N.J.S.A. 39:5-30. The original notice in this matter only cited the interstate compact provision N.J.S.A. 39:5D-4(a).
License suspension proceedings, like their counterpart, license revocation proceedings, do realistically affect drivers in a serious way, often threatening their ability to earn a livelihood, and it is settled they must meet those incidents of fairness and due process. Bell v. Burson, 402 U.S. 535, 539 [91 S.Ct. 1586, 1589, 29 L.Ed.2d 90] (1971); In re Arndt, 67 N.J. 432 (1975). As the Court noted in In re Arndt, supra, at 436, "We have, moreover not hesitated (as a matter of judicial policy) to impose principles of fundamental procedural fairness on administrative agencies and trial tribunals beyond constitutional demands." Therefore, it seems at the very least, that the respondent is entitled to due process considerations before imposing the penalty proposed.

*101 The essential components of due process are adequate notice, opportunity for a fair hearing, and availability of appropriate review. State Department of Community Affairs v. Wertheimer, 177 N.J. Super. 595 (App.Div. 1980). It is often said that the first prerequisite of due process if fair notice, so that a response can be prepared and respondent fairly heard. Nicoletta v. North Jersey District Water Supply Commission, 77 N.J. 145 (1978); Avant v. Clifford, 67 N.J. 496 (1975); Malady v. Bd. of Rev., Div. of Employment Security, Dept. of Labor and Industry, 166 N.J. Super. 523 (App.Div. 1979).
Neither appellant's contention nor the Administrative Law Judge's findings are persuasive.
First, the Administrative Law Judge erroneously stated that the original notice cited only the interstate compact provision, N.J.S.A. 39:5D-4(a), to which Georgia is not a signatory. The notice of suspension sent to appellant clearly provided that it was based on N.J.S.A. 39:5-30, N.J.S.A. 39:5-30.1 and N.J.S.A. 39:3-10, which properly apply in the circumstance. But we doubt that this was the Administrative Law Judge's sole reason for finding the notice to appellant inadequate, for he proceeded to discuss in detail the constitutional notice requirements.
Second, the appellant misconstrues the due process requirements which must be met before his driving license properly can be suspended. As the judge stated, a driver's license suspension must meet "those incidents of fairness and due process." The question is not whether appellant had notice that failure to answer a Georgia summons would result in the suspension of his driving privilege in New Jersey. As noted above, he is imputed with the knowledge that forfeiture of bail or bond in the circumstance was equivalent to a conviction for the offense. The only question really is whether the notification that his Georgia conviction could result in suspension of his New Jersey driver's license met the requirements of due process. The answer is, it clearly did.
N.J.S.A. 39:5-30 provides not only the grounds upon which a driver's license can be suspended, but also requires "due notice in writing of such proposed suspension ... and the grounds thereof." Here, appellant was given notice of suspension in writing as required by the statute, which plainly stated *102 the grounds upon which the suspension was based. Moreover, the notice informed appellant of his right to a hearing to contest the suspension which he requested. In addition, appropriate review of the decision of the Director has been available to appellant. The notice and hearing provided appellant before suspension of his driving privilege were more than sufficient to meet the due process requirements of the State and federal constitutions. See Bell, 402 U.S. at 539, 91 S.Ct. at 1589; In re Arndt, 67 N.J. 432, 436 (1975).
Affirmed.
NOTES
[1] The present case is governed by N.J.S.A. 39:5-30 and N.J.S.A. 39:5-30.1 because Georgia is not a signatory to the interstate compact. See N.J.S.A. 39:5D-3 and N.J.S.A. 39:5D-4. Under the interstate compact conviction as a result of the forfeiture of bail, bond or other security is sufficient grounds for the licensing authority in the home state to suspend or revoke the license to operate a motor vehicle. This language also provides some evidence that a conviction provides reasonable grounds for revocation under N.J.S.A. 39:5-30.